JORGE V. DOMÍNGUEZ, FRANCISCO SOTO GRAS, ANTONIA Q. QUIÑONES, JOSÉ RAMÓN QUIÑONES, SEGISMUNDO QUIÑONES, JUANA MANUELA RODRÍGUEZ DE WILLOUGHBY, PALMIRA MC-CORMICK DE SCHUCK, DIONISIO TRIGO and ALVARO TRIGO, Plaintiffs and Appellants, *v.* RAFAEL FABIÁN Y FABIÁN, Defendant and Appellee.

No. 3839. Argued February 1, 1926.—Decided April 19, 1926.

*Jorge V. Domínguez* and *Francisco Soto Gras* for the appellants. *Henry G. Molina* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee filed a motion for dismissal of the appeal taken in this case on the ground that the transcript of the record had not been filed in this court within the time allowed by law.

The judgment was rendered on August 17, 1925, the appeal was taken on September 17th and the motion to dismiss was filed on January 18, 1926. If a statement of the case or transcript of the record for the purpose of the appeal were not being prepared in the trial court, the motion would be well grounded. Otherwise the motion should be overruled.

The documents accompanying the motion show that on September 22, 1925, or within ten days after filing the notice of appeal, the appellants filed a motion as follows:

"Motion for extension of time.—Come now the plaintiffs by the undersigned attorneys and move the court for an extension of sixty days within which to prepare and file a transcript of the record for the purpose of the appeal taken to the Supreme Court."

The court ruled on that motion as follows:

"The extension of time moved for is granted.—October 24, 1925."

On November 16, 1925, while the extended time was still running the appellants filed a motion for correction of the order and the extension and it was ruled on on the 20th of the same month in the following terms:

"WHEREAS, notice of appeal was filed in this case on September 17, 1925.

"WHEREAS, on September 22, 1925, the plaintiff-appellants moved this court for an extension of sixty days to prepare and file a transcript of the stenographer's notes.

"WHEREAS, the formal request that this court order the stenographer to transcribe the notes was omitted in the motion for extension and in the order of October 24, 1925, granting that extension of time this court also omitted to direct the stenographer to proceed accordingly.

"WHEREAS, the said omissions are mere informalities that when noticed may and should be corrected by this court in the interest of justice and to further the proceeding.

"WHEREAS, notwithstanding that omission by the plaintiffs they notified the stenographer on that date to prepare the said transcript.

"WHEREAS, although the stenographer has transcribed the testimony given at the trial, he has not finished the documentary evidence and another extension of time is needed for that purpose.

"THEREFORE, in the exercise of its inherent power to correct its own records and by virtue of the powers granted it by section 140 of the Code of Civil Procedure to relieve a party of inadvertence, the court hereby rules that its order of October 24, 1925, granting the plaintiffs an extension of sixty days to prepare and file the transcript of the stenographic record be considered as *nunc pro tunc* so that the stenographer is thereby directed to transcribe the testimony given and the evidence examined and all the orders, rulings or statements

of the court, as well as all objections and exceptions of the attorneys and questions or matters related thereto which appear in the stenographic record and in the judgment roll, within twenty days from September 22, 1925, when the motion was filed, and that the said twenty days be deemed extended to forty days, that is, until November 21, 1925, which covers the term of sixty days granted by the order of October 24, 1925.

"And it is further ordered that for the reasons stated in this order the first extension of time granted not being sufficient, the stenographer is granted another extension of thirty days from November 21, 1925, and expiring on December 21, 1925, for the same purpose of preparing the transcript of the record or evidence ordered."

██ ██ Had the trial court authority to act in the way it did?

In the memorandum filed in support of his motion the appellee said:

"If the appellants desired to avail themselves of the Act of 1917 (transcript prepared by the stenographer), according to section 1 of that Act, they should have filed in the clerk's office of the court 'a written application for the making and preparation of a transcript of the testimony offered and taken, of the evidence offered. . . .' which writing 'shall be filed within ten days after filing the notice of appeal.' "

In our opinion that was what the appellants did, albeit imperfectly.

Human acts should be interpreted in a way that tends to give them validity. It can not be conceived that the step taken by the appellants within the lawful period could have another purpose. They had taken an appeal and it should be presumed that if they asked something of the court it was to advance that appeal. They did not express their meaning in a correct and complete way, but the trace left in fact by them with their request to the stenographer to transcribe the notes and the actual understanding of the court as afterwards acknowledged by it, fully explained the situation and allowed the court to correct the mistake and to supply what was lacking.

The laws always take into account the imperfections of human nature and the limit of its faculties. Hence subsection 8 of section 7 of the Code of Civil Procedure gives express power to the court ''to amend and control its process and orders so as to make them conformable to law and justice.'' And that was the power exercised in this case by the district court. Then, it is not necessary to consider the applicability or inapplicability of section 140 of the Code of Civil Procedure.

As the motion of September 22, 1925, is in our judgment susceptible of being interpreted in the sense in which it was, that is, that it asked for an extension of time to enable the stenographer to prepare the transcript of the record and of the evidence for the purpose of the appeal, and that having been the real fact as alleged by the movant and acknowledged by the district court, the action of the said court is not contrary to the jurisprudence established by this court. The court could have made an order on October 24th with the motion of September 22nd as a basis, expressing its intention completely, and if it could have done so at that time it could do so later in order to make its action conformable to the facts and the law.

The case of *Goffinet* v. *Polanco,* 31 P.R.R. 201, 204, affirmed by the First Circuit Court of Appeals (4 Fed. 2nd 74), is not applicable. That case involved an order granting an indefinite extension of time which remained in force and which therefore was and should have been treated as a mere nullity. A very different situation would have been presented if the appellant in that case had timely moved the district court to correct its error and the court had duly done so.

Having reached the foregoing conclusions, it is not necessary to consider the much debated question of the intervention of attorney Feliú in giving the appellee's consent to the motion for correction. It was not necessary that the adverse party should consent in order for the court to act as it did.

By virtue of the foregoing, since the transcript of the record is being prepared in the district court, the motion to dismiss must be overruled.

Justices Wolf and Franco Soto dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

What caused my greatest hesitation in dissenting from the liberal interpretation given by this court to the steps taken by the appellants was the act of the attorney for the appellee in consenting to the order of the 20th of November, 1925. The regularly employed attorney was absent, but the record convinced me that his associate was fully empowered to do whatever the regular attorney might have done. Not only was such authority conclusively to be presumed from the mere appearance of the associate attorney, but the said associate previously appeared in the case for various purposes.

Nevertheless, I am of the opinion that such a consent could not properly convert a motion, patently ineffective, into a valid one. Under various decisions of this court section 140 of the Code of Civil Procedure has no application. *Díaz v. Porto Rico Railway, Light & Power Co.*, 32 P.R.R. 89; same case, 32 P.R.R. 336, and cases cited. The majority of the court does not base its decision on that section. Of course it would make no difference that section 140 was unduly relied upon in the order of November 20, 1925, if the district court had had authority under section 7 of the Code of Civil Procedure to correct the motion of September 22, 1925, and the order made in response thereto. Said section 7, however, has no greater potency than section 140 of the Code of Civil Procedure if the appellants never duly availed themselves of the privilege of the special Acts of 1917 and 1919, by which the appellants may have recourse to the notes of the stenographer in substitution of a bill of exceptions or statement of the case.

The difficulty, in my opinion, was that the appellants never

showed their intention to avail themselves of said Acts of 1917 and 1919 until the 16th of November, 1925, and then their privilege had expired. The appellants urge that the words *"transcripción del record"* contained in the motion of September 22, 1925, in practice are not used to indicate a transcription of record, but that for such purpose the words *"transcripción de autos"* are used. However, the English word "record" has gone over into the Spanish and I have no question that if an attorney had in fact wanted a transcript of the record he could successfully have relied on the terms of the motion of September 22, 1925. It seems to me that the said motion is susceptible of no other interpretation. What the district court did was verbally to assume that in the said motion the appellants had asked for time to prepare the stenographer's notes, when in point of fact there is absolutely nothing in said motion to show that the appellants were invoking the activities of the stenographer. The word "stenographer" or any allied word is absent from said motion. On the contrary, as the court and all the parties knew, the manner of starting the stenographer to reproduce his notes is by requesting the court to issue an order to the said stenographer.

I can not see that the motion of September 22, 1925, was merely informal or defective. It contained nothing which showed the slightest intention to rely on the stenographer's notes as a means of bringing the evidence to this court. A "transcript of record" might doubtfully but conceivably include a bill of exceptions or statement of the case, inasmuch as either one may become a part of the judgment roll. But we have held for the purpose of supporting the constitutionality of the Acts of 1917 and 1919 that the said acts are not mere amendments to the Code of Civil Procedure, but are a substitute method for bringing the evidence to this court. Hence, the purpose of relying on this procedure somewhat

extraneous to the Code of Civil Procedure should be clearly indicated. The normal manner of incorporating the evidence is by a bill of exceptions or statement of the case. It seems to me that in November, 1925, while this court might in its discretion have possibly authorized the incorporation of the evidence by means of a bill of exceptions, no court then had power to permit the filing in the case of the stenographer's notes.

I am authorized to state that Mr. Justice Franco Soto concurs in this dissent.